1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL HILL, | Case No.  1:11-cv-01074-SAB (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| M. CATES, et al., | (THIRTY-DAY DEADLINE) |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Ronnell Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 29, 2011.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  Plaintiff names M. Cates, F. Gonzalez, K. Holland, T.

Steadman, M. Bryant, C.A. Tyner, D. Randall, J. Busby, N. Nicholson, and J. Reimer as defendants (collectively referred to as "Defendants").

Plaintiff was a participant in the prison mental health delivery program. Prison officials forced Plaintiff to have a cellmate. Plaintiff warned prison officials of the security concerns he faced by being placed with a cellmate, but prison officials ignored him. On January 25, 2010, Plaintiff's cellmate seriously injured him with a weapon. Plaintiff alleges that Defendants were aware that the prison practices and policies increase the likelihood of cell assaults and fatalities. After Plaintiff's cellmate injured him, prison officials fabricated false incident reports blaming Plaintiff for the assault. Plaintiff alleges that the false reports were a cover-up to protect prison officials for ignoring his safety concerns.

As a result of these reports, Plaintiff was found guilty of attempted murder, even though it was in fact Plaintiff's cellmate who acted as the aggressor. Plaintiff alleges that there was no more evidence against him than existed against his cellmate. Following this incident, Plaintiff filed an administrative appeal against the fabricated incident reports. Plaintiff alleges that Defendants "authorized the victimization" of Plaintiff by signing off on various stages of review of his appeal.

**IV.**

**DISCUSSION**

A.     **Supervisory Liability**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S. Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77, 129 S. Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as administrators, Defendants  may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th

Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Here, Plaintiff fails to state a claim against any Defendants for supervisory liability. It appears that Defendants were not present or directly involved in Plaintiff's assault in any way. Plaintiff's complaint generally alleges that Defendants were aware of policies that led to his assault. However, Plaintiff fails to state with any specificity what policies he references or how they led to his assault. Accordingly, Plaintiff has failed to state a claim for supervisory liability.

**B.     Eighth Amendment—Failure to Protect Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Court finds that Plaintiff's allegations are insufficient to state a claim against any Defendants for the failure to protect him, in violation of the Eighth Amendment. Plaintiff's

general statement that he expressed security concerns prior to the assault by his cellmate is insufficient to state a claim.  Plaintiff's allegations lack sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79.   Accordingly, Plaintiff has failed to state a claim for the failure to protect under the Eighth Amendment.

### C.    Fourteenth Amendment—Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue.  Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S. Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff's allegations fail to state a claim against any named defendants for violations of his due process rights.  Plaintiff makes conclusory statements that Defendants violated his due process rights.  However, Plaintiff does not allege a deprivation of liberty nor does he allege that he was denied due process in any procedures against him.  Plaintiff's allegations that Defendants falsified incident reports are not sufficient to state a due process claim. Accordingly, Plaintiff's allegations fail to state a claim against Defendants for violations

of the Due Process Clause of the Fourteenth Amendment.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed June 29, 2011, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 22, 2013**

UNITED STATES MAGISTRATE JUDGE

6